IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

99.5099

_____

FIRST PREFERENCE PRODUCTS
CORPORATION,

    **Plaintiff,**

VS.                                     NO. _____

POWERS & STINSON, NATIONAL
BANKERS TRUST CORPORATION,
THE TRANSPORT FIRM, INC.,

    **Defendants.**

_____

## CLASS ACTION COMPLAINT

_____

Plaintiff, First Preference Products Corporation, on behalf of itself and on behalf of all other similarly situated parties, by and through their designated attorneys, files the following Complaint. All allegations in this Complaint are based upon the investigation of counsel, excepting specific allegations pertaining to the named Plaintiff which are based upon personal knowledge. At the date of this Complaint, no discovery has been conducted. As a result, it is likely that once the discovery process is underway, the named Plaintiff will seek leave to amend its Complaint to add new factual allegations and/or new claims.

## THE PARTIES

1)    Plaintiff, First Preference Products Corporation (hereinafter referred to as "Plaintiff") is a corporation with a principal place of business in Salisbury, Connecticut.

2)      Defendant National Bankers Trust Corporation (hereinafter referred to as "National Bankers Trust") is a corporation incorporated under the laws of the State of Tennessee, with its principal place of business located at 8245 Tournament Drive, Suite 120, Memphis, Tennessee  38125-8872. Service of process may be accomplished on National Bankers Trust via its registered agent Keith A. Aiken, located at 8245 Tournament Drive, Suite 120, Memphis, Tennessee  38125-8872.

3)      Powers & Stinson (hereinafter "Powers & Stinson") is a Tennessee corporation incorporated under the laws of the State of Tennessee with its principal office at 4728 Spottswood Avenue, Memphis, Tennessee 38117. Service of process may be accomplished by serving its registered agent Donald McKnatt, located at 4728 Spottswood Avenue, Suite 373, Memphis, Tennessee  38117-4817.

4)      The Transport Firm, Inc. (hereinafter "Transport Firm") is a Tennessee corporation incorporated under the laws of the State of Tennessee with its principal office at 4728 Spottswood Avenue, Suite 373, Memphis, Tennessee 38117. Service of process may be accomplished by serving its registered agent Donald McKnatt, located at 4728 Spottswood Avenue, Suite 373, Memphis, Tennessee  38117-4817.

## JURISDICTION AND VENUE

5)      This Court has original subject matter jurisdiction over this action pursuant to 28 USC § 1331 and 28 U.S.C. §1367(a).

6)      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1), §1391(b)(2) and §1391(b)(3) on the grounds that Defendants are both located and/or have offices

in this judicial district and all or a substantial portion of the acts giving rise to this action, including the filing of Civil Actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County, occurred in this judicial district.

## FACTUAL ALLEGATIONS

7)      According to its website (www.freightattorneys.com), Defendant Powers & Stinson is a "professional recovery firm" that advertises that it is "the freight bill collection specialist."  Powers & Stinson advertises itself as "a professional collection firm with an in-house transportation attorney and a nationwide network of transportation attorneys.  Together, we can assist in collecting your debts in all fifty states and Canada."    Upon information and belief, Powers and Stinson does not and has not had a valid Tennessee collection service license issued by the Tennessee Collection Service Board pursuant to T.C.A. §62-20-105(a).

8)      According to its website (www.factoringmadeeasy.com), Defendant National Bankers Trust is "a factoring company exclusively for the trucking industry."  The website describes factoring as "not a loan with interest, but the purchase of an asset at a discount."  Upon information and belief, National Bankers Trust does not and has not had a valid Tennessee collection service license issued by the Tennessee Collection Service Board pursuant to T.C.A. §62-20-105(a).

9)      On or about July 22, 2011, National Bankers Trust Corporation entered into a Notice of Assignment and Lien with carrier Ship Right Trucking, Inc. which stated that "all accounts receivable, past, present and future are assigned and payable to National Bankers

3

Trust".  Mark Burgan, National Bankers Trust Senior Vice President signed the notice on behalf of National Bankers Trust.  (See Exhibit "A", Notice of Assignment and Lien").

10)    On November 10, 2011, Nick Seaver of Powers & Stinson sent correspondence to William Schwaikert of First Preference Products. In that correspondence, Powers & Stinson was identified as representing the interests of National Bankers Trust. National Bankers Trust was identified in the letter as the factoring company for Ship Right Trucking, Inc. The November 10, 2011 correspondence indicated that Powers & Stinson had been retained by National Bankers Trust "to assist in the recovery of its outstanding freight charge ($4,800.00) and to take whatever action is necessary to collect the unpaid freight charges." (See Exhibit "B", November 10, 2011 correspondence from Nick Seaver of Powers & Stinson).

11)    According to the documentation provided by Powers & Stinson to First Preference Products, Ship Right Trucking, Inc. is located in Allentown, Pennsylvania. The shipment for which recovery of outstanding freight charges was sought involved a shipment from Wixon, Michigan to Plaintiff's manufacturing facility in Hudson, New York. Id.

12)    On November 17, 2011, Nick Seaver of Powers & Stinson sent correspondence to Edward Shelton, corporate counsel to Plaintiff, in which the following was stated:

> If necessary, suit will be filed in Shelby County, Tennessee by our attorney E.A. "Charlie" Nichols. He works for us on contingency and it will only cost us $97.50 to file a Civil Warrant. The Tennessee licensed attorney that you will be required to hire to fight jurisdiction and/or just defend your case will be charging you by the hour and their retainer fee alone will cost **at least** $3,000.00. If your local counsel files a Motion to dismiss for jurisdiction, our attorney will file for a discovery which will require even more time and

> money. The cost of litigation will vastly exceed the amount
> owed, even if you were to win.
>
> My client is willing to make a one time settlement offer for
> $4,000.00. Please take this offer to your client. If they
> accept our offer, I will prepare a settlement and release
> agreement so we can just put this all behind us.

(See Exhibit "C" to Complaint, November 17, 2011 correspondence from Nick Seaver of

Powers & Stinson).

13)    On December 28, 2011, Powers & Stinson on behalf of National Bankers Trust

filed a lawsuit against First Preference Products Corp. in the General Sessions Court of the State

of Tennessee at Memphis, Shelby County, Civil Warrant No. 1534617 and had it mailed to First

Preference Products Corporation. (See Exhibit "D" to Complaint, General Sessions Civil

Warrant No. 1534617).

14)    Attached to that General Sessions Civil Warrant was an Affidavit of Sworn

Account by Donald McKnatt, identified as the President of Powers & Stinson  The Affidavit

indicated that Donald McKnatt was employed by Powers & Stinson, which had been retained by

National Bankers Trust Corporation for the collection of past due accounts.  The Affidavit of

Sworn Account sought $4,800.00 plus costs, interest and attorney's fees. Id.

15)    On December 29, 2011, the day after the General Sessions Civil Action was filed,

Jim Anderson of Powers & Stinson sent e-mail correspondence to William Schwaikert and

Edward Shelton notifying them of the filing of the lawsuit. In that correspondence, Jim Anderson

of Powers & Stinson stated the following:

> If our offer is not accepted within five (5) business days,
> our attorney will proceed with the litigation in Shelby

5

County and settlement will no longer be an option at this
point.

My attorney has been advised not to discuss this suit with
anyone prior to court.  I will be your contact regarding this
matter up until the first court date listed on the documents.

(See Exhibit "E" to Complaint, December 29, 2011 correspondence from Jim Anderson

of Powers & Stinson).

16)      On December 30, 2011, as detailed in the November 17, 2011 extortionate letter,

the General Sessions Clerk for Shelby County, Tennessee received a payment of $97.50 in

General Sessions Civil Action 1534617.

17)      In response to this Civil Action filed in Shelby County, Tennessee by Defendants,

First Preference Products retained at its own expense licensed Tennessee counsel to represent it

and protect its interests against entry of a default judgment in the General Sessions civil action

filed in Shelby County, Tennessee.

18)      On February 1, 2012, First Preference Products filed "Defendant's Motion to

Dismiss for Improper Venue and Lack of Personal Jurisdiction", in General Sessions Civil

Action 1534617.  (See Exhibit "F" to Complaint, "Defendant's Motion to Dismiss for Improper

Venue and Lack of Personal Jurisdiction").

19)      On February 9, 2012, as threatened in the November 17, 2011 extortionate letter

from Nick Seaver of Powers & Stinson, (See Exhibit "C" to Complaint), National Bankers Trust

Corporation c/o Powers & Stinson filed "Plaintiff's First Set of Interrogatories to Defendant."

(See Exhibit "G" to Complaint, "Plaintiff's First Set of Interrogatories to Defendant").

6

20)     On March 15, 2012, Judge John Donald of Division III of Shelby County General Session Court set First Preference's "Defendant's Motion to Dismiss for Improper Venue and Lack of Personal Jurisdiction" for an evidentiary hearing on April 15, 2012.

21)     On April 5, 2012, the "Consent Order Granting Defendant First Preference Products Corp's Motion to Dismiss for Improper Venue Pursuant to Tennessee Code Annotated §20-4-101 and for Lack of Personal Jurisdiction Pursuant to Tennessee Code Annotated § 20-2-214" was signed by Judge John Donald in General Sessions Civil Action 1534617. (See Exhibit "H" to Complaint).

## CLASS ACTION ALLEGATIONS

22)     Since 2008, upon information and belief, according to the records of the General Sessions Court of the Thirtieth Judicial District of Tennessee at Memphis, Shelby County, National Bankers Trust, Powers & Stinson and The Transport Firm have filed more than 335 Civil Actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County on sworn account against entities whose addresses on the Civil Warrants were outside Shelby County, Tennessee.

23)     Since 2008, upon information and belief, at no time has National Bankers Trust possessed a Tennessee collection service license provided by the Tennessee Collection Service Board pursuant to the Tennessee Collection Services Act, codified at Tennessee Code Annotated § 62-20-105(a).

24)     Since its inception in 2011, upon information and belief, at no time has Powers & Stinson possessed a Tennessee collection service license provided by the Tennessee Collection

Service Board pursuant to the Tennessee Collection Services Act, codified at Tennessee Code Annotated § 62-20-105(a).

25)     Since its inception in 2011, upon information and belief, at no time has The Transport Firm possessed a Tennessee collection service license provided by the Tennessee Collection Service Board pursuant to the Tennessee Collection Services Act, codified at Tennessee Code Annotated § 62-20-105(a).

26)     Since 2008, upon information and belief, National Bankers Trust has filed on its own behalf over 235 civil actions on sworn account in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County.

27)     Upon information and belief, the Defendants have previously been made aware of the lack of jurisdiction and lack of proper venue for these Civil Actions in the Thirtieth Judicial District of Tennessee at Memphis, Shelby County by prospective Class Members, but have continued to threaten to and/or file these actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County, despite that knowledge.

28)     Upon information and belief, multiple Class Members since 2008 have prepared and/or filed Motions to Dismiss the General Sessions Civil Actions for lack of proper jurisdiction and/or for improper venue brought by Defendants.  Upon information and belief, every one of those motions has led to the dismissal or voluntary termination of the Civil Action in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County.

29)     Upon information and belief, since 2008, Defendants have not successfully defended themselves against any Motion to Dismiss for lack of jurisdiction and/or improper

8

venue argued in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County.

30)    Upon information and belief, Defendants have utilized extortionate correspondence and tactics against multiple potential Class Members virtually identical to the November 17, 2011 correspondence from Powers & Stinson to First Preference Products (See ¶12 and Exhibit "C" to the Complaint) threatening to not only bring legal action, but also threatening to engage in additional litigation and discovery to increase the potential Class Members' defense costs in an effort to intimidate and extort Class Members into settlement.

31)    Upon information and belief, Defendants have been aware that the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County lacked proper jurisdiction and that the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County constituted an improper forum for the civil actions brought.  Regardless, Defendants threatened and/or brought these civil actions, and continue to do so, in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County despite no legal basis to bring the civil action in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County.

32) Upon information and belief, none of the Defendants at any time since 2008 possessed the required Tennessee collection service license provided by the Tennessee Collection Service Board as required by the Tennessee Collection Services Act, codified at Tennessee Code Annotated § 62-20-105(a).

33)     By way of example, on or about August 18, 2008, National Bankers Trust filed a Civil Action on sworn account in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County against LNC 3000, located in Euclid, Ohio. See Exhibit "I" Gen Sessions Civil Warrant No. 1304248.

34)     On or about October 10, 2008, LNC 3000 filed a Motion to Dismiss and cited in that Motion to the lack of proper jurisdiction in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County. See Exhibit "J". LNC 3000 Motion to Dismiss.

35)     On or about October 23, 2008, an Order of Dismissal with Prejudice was entered in General Sessions Civil Action No. 1304248.

36)     By way of example, on or about December 16, 2008, National Bankers Trust filed a Civil Action on sworn account in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County against CD Consortium, located in Albany, New York. Exhibit "K", General Sessions No. 1330997.

37)     On or about June 12, 2009, CD Consortium Corporation filed "Defendant CD Consortium Corporation's Objections to Jurisdiction and Motion to Dismiss" in General Sessions Civil Action No. 1330997. See Exhibit "L" "Defendant CD Consortium Corporation's Objections to Jurisdiction and Motion to Dismiss"

38)     On December 16, 2009, General Sessions Civil Action No. 1330997 was voluntary non-suited at Plaintiff's costs. See Exhibit "K".

10

39)     By way of example, on or about February 26, 2009, National Bankers Trust filed a Civil Action on sworn account in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County against ATS Logistics, located in St. Cloud, Minnesota. Exhibit "M", General Sessions No. 1344806.

40)     On or about July 28, 2009, upon information and belief, "Defendant's Motion to Dismiss without Prejudice for Improper Venue, Lack of Personal Jurisdiction and Lack of Subject Matter Jurisdiction" was faxed to counsel for National Bankers Trust. See Exhibit "N", July 28, 2009 correspondence to counsel and Motion"

41)     On December 16, 2009, General Sessions Civil Action No. 1344806 was voluntary non-suited at Plaintiff's costs. See Exhibit "M".

42)     In 2010 and 2011, upon information and belief, attorney E.A. Nichols, while an employee of National Bankers Trust, filed over 80 Civil Actions on sworn account on behalf of National Bankers Trust in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County  against entities whose addresses on the Civil Warrants were outside Shelby County, Tennessee.

43) Upon information and belief, E.A. Nichols left his employment with National Bankers Trust in April 2011.

44)     Upon information and belief, The Transport Firm, which later changed its name to Powers & Stinson, was incorporated in Tennessee in April 2011.

11

45)      Upon information and belief, The Transport Firm, Inc. changed its name with the State of Tennessee Secretary of State to Powers & Stinson, Inc on October 24, 2011.

46)      In May and June 2011, E.A. Nichols began filing Civil Actions on sworn account in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County as the attorney for both The Transport Firm, Inc. and Powers & Stinson.

47)      After the formation of Powers and Stinson and/or The Transport Firm, National Bankers Trust continued to improperly pursue Civil Actions on sworn account in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County.

48)      By way of example, on August 9, 2011, Jim Anderson of Powers & Stinson sent correspondence to representatives of prospective Class Member Cereal Byproducts Co. containing these same threatening and extortionate language as sent to Plaintiff.  (See ¶12).

**From:** jim anderson [mailto:jim@freightattorneys.com]
**Sent:** Tuesday, August 09, 2011 3:32 PM
**To:** Mike Kirwan; Dale Danner; jim@cerealbyproducts.com
**Cc:** 8478181659@metrofax.com; 9136772772@metrofax.com;
8707321070@metrofax.com
**Subject:** [SPAM (Non-existent user)] - Lawsuit Notification - GNH Trucking, Inc. v.
Cereal Byproducts Co.

Dear Mr. Kirwan, Mr. Danner and Legal Department,


Please be notified that we represent the interests of GNH Trucking, Inc. and they have authorized us to file suit against Cereal Byproducts Co. ("Cereal") for the outstanding freight charges due and owing. Please the attachments.

Suit will be based on the principal/agent relationship. Shelly Transportation, Inc. ("Shelly") was "Freight Broker" not a "Truck Broker." Cereal hired Shelly to broker its freight. Cereal told Shelly where to pick up the load and where to deliver it, which proves Cereal was the principal and that Shelly was its agent.

Suit will be filed in Shelby County, Tennessee. Our attorney, E.A. "Charlie" Nichols, he works on contingency and it costs us $97.50 to file a civil warrant. The Tennessee licensed attorney that you will be required to hire to fight jurisdiction and/or just defend your case will be charging you by the hour and their retainer fee alone will cost at least $3000.00. If and when your local council files a motion to dismiss for Jurisdiction our attorney will file for a discovery.

I can assure you, the cost of litigation will exceed the amount owed to an unforeseeable amount, even if you were to win. We do not file suit on any cases we feel we may not win.

Please advise.

Best regards,
Jim Anderson
384 E. Goodman Rd. - Suite 242
Southaven, MS 38671
Office: 662-253-8505
Fax : 662-404-7023
jim@freightattorneys.com

(See Exhibit "N" to Complaint, August 9, 2011 correspondence from Powers & Stinson to Cereal Byproducts).


49)     On December 28, 2011, E.A. Nichols, attorney for Powers & Stinson on behalf of National Bankers Trust, filed a lawsuit against Cereal Byproducts Corp. in the General Sessions Court of the State of Tennessee at Memphis, Shelby County, Civil Warrant No. 1519394 and had it mailed to Cereal ByProducts in the State of Illinois. (See Exhibit "O" to Complaint, General Sessions Civil Warrant No. 1519394).


50)     Attached to that General Sessions Civil Warrant was an Affidavit of Sworn Account by Donald McKnatt, identified as the President of Powers & Stinson  The Affidavit indicated that Donald McKnatt was employed by Powers & Stinson, which had been retained by National Bankers Trust Corporation for the collection of past due accounts.  Id.

51)    In response to this Civil Action filed in Shelby County, Tennessee by Defendants, Cereal Byproducts retained at its own expense licensed Tennessee counsel to represent it and protect its interests against entry of a default judgment in the General Sessions civil action filed in Shelby County, Tennessee.

52)    On November 22,  2011, Cereal Byproducts Co. filed "Defendant's Motion to Dismiss for Improper Venue, Lack of Personal Jurisdiction and Lack of Subject Matter Jurisdiction", in General Sessions Civil Action 1519394.   (See Exhibit "P" to Complaint, "Defendant's Motion to Dismiss for Improper Venue, Lack of Personal Jurisdiction and Lack of Subject Matter Jurisdiction").

53)    Cereal Byproducts' Motion to Dismiss was argued against by E.A. Nichols, Powers & Stinson counsel on behalf of National Bankers Trust, during a hearing in Division 1 of General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County on January 3, 2012, and after argument, the Court ordered the cause of action dismissed.

54)    On January 6, 2012, the General Sessions Court entered the "Order granting Defendant Cereal Byproducts Co's Motion to Dismiss for Improper Venue Pursuant to Tennessee Code Annotated §20-4-101. See Exhibit "Q" to Complaint.

55)    By way of further example, on February 2, 2012, Powers & Stinson on behalf of National Bankers Trust filed a lawsuit against Peter Condrakes Company, Inc. of Everett, MA in the General Sessions Court of the State of Tennessee at Memphis, Shelby County, Civil Warrant No. 1541411and had it served on Peter Condrakes Co. in the State of Massachusetts. (See Exhibit "R" to Complaint, General Sessions Civil Warrant No. 1541411).

14

56)     Prior to filing the cause of action, counsel for Peter Condrakes informed Nick Seaver of Powers & Stinson that there was no jurisdiction in Tennessee for the action. Nick Seaver replied suit would be filed and that Peter Condrakes Co. should consider settlement prior to " …a costly and lengthy litigation." See Exhibit "S", January 26, 2012 e-mail correspondence between Nick Seaver of Powers & Stinson and counsel for Peter Condrakes Co.

57)     On February 8, 2012, Powers & Stinson filed on behalf of National Bankers Trust "Plaintiff's First Set of Interrogatories to Defendant" in the General Sessions action.  See Exhibit "T".

58)     On March 1, 2012, Peter Condrakes Company, Inc filed its "Motion to Dismiss" asking the court to dismiss the action for improper venue and lack of personal jurisdiction. See Exhibit "U", "Motion to Dismiss" in General Sessions No. 1541411.

59)     On March 22, 2012, General Sessions No. 1541411 was dismissed by the General Sessions Court. See Exhibit "R".

60)     By way of further example, E.A. Nichols, as attorney for Powers & Stinson on behalf of National Bankers Trust, filed a General Sessions warrant on Sworn Account against Dynasty Farms, Inc. of Salinas, CA in the General Sessions Court of the State of Tennessee at Memphis, Shelby County, Civil Warrant No. 1547367. See Exhibit "V" General Sessions Civil Warrant No. 1547367.

61)     Attached to that General Sessions Civil Warrant was an Affidavit of Sworn Account by Jim Anderson, identified as the Vice President of Operations of Powers & Stinson.

15

The Affidavit indicated that Powers & Stinson had been retained by National Bankers Trust Corporation for the collection of past due accounts.  Id.

62)     In response to this Civil Action filed in Shelby County, Tennessee by Defendants, Dynasty Farms, Inc. retained licensed Tennessee counsel to represent it.

63)     On or about April 19, 2012, Dynasty Farms, Inc. filed "Defendant's Motion to Dismiss for Lack of Jurisdiction and Improper Venue". (See Exhibit "W") and "Memorandum of Law in Support of Defendant's Motion to Dismiss for Lack of Jurisdiction and Improper Venue" (See Exhibit "X").

64)     On or about May 16, 2012, counsel for Dynasty Farms, Inc filed an Affidavit stating that a search had revealed that Powers & Stinson, Inc was not licensed by the Tennessee Collection Services Board to perform collection services in the State of Tennessee. See "Exhibit "Y", Affidavit of Harry W. Lebair, IV.

65)     On May 17, 2012, General Sessions No. 1547367 was dismissed by the General Sessions Court for lack of jurisdiction, improper venue, and failure to comply with the requirements of the Tennessee Collection Services Act. See Exhibit "V".

66)     Since incorporating in 2011, upon information and belief, Powers & Stinson or The Transport Firm has filed approximately 100 civil actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County against entities whose addresses on the Civil Warrants were outside Shelby County, Tennessee.

67)     Since 2011, Powers & Stinson, Inc. or The Transport Firm has filed at least 21 Civil Actions on sworn account in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County on behalf of National Bankers Trust Corporation against entities whose addresses on the Civil Warrants were outside Shelby County, Tennessee.

68)     Of those 21 Civil Actions on sworn account filed by Powers & Stinson or The Transport Firms, Inc. in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County on behalf of National Bankers Trust Corporation, upon information and belief, 19 were filed on behalf of Powers & Stinson or The Transport Firm by former National Bankers Trust employee and attorney E.A. Nichols.

69)     Upon information and belief, none of the parties named as Defendants in any of the above approximately 335 General Sessions Civil Actions filed on sworn account in Shelby County, Tennessee by Nationals Bankers Trust, Powers & Stinson, Inc or The Transport Firm, Inc were located in Shelby County, Tennessee, according to the address provided for service on the General Sessions Warrant by Defendants.

70)     Since 2008, Defendants have sought damages in excess of $1.5 million from these out-of-county defendants and potential Class Members in the improper General Sessions actions, in addition to seeking additional costs and attorney's fees.

71)     Since 2008, Defendants have taken default judgments in over 90 civil actions against out-of-county defendants and potential Class Members in the General Sessions Civil Actions filed in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, in an amount in excess of $ 662,000.00.

72)     Upon belief and subject to discovery, Plaintiff anticipates that an unknown number of other Class Members have been intimidated by Defendants' extortionate tactics, actions, threats of not only litigation, but escalated litigation costs, in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County, combined with concerns regarding the effects of a default judgment, and have been forced to make a business decision to settle these alleged claims under duress prior to being served as a Defendant in a Civil Action in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County.

73)     The named Plaintiff brings this action as a Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of itself and the Class comprised of all non Shelby County entities who were either threatened with Civil Action and/or were named as a Defendant in a Civil Action improperly brought by Defendants in the General Sessions Civil Court of Shelby County, Tennessee during the relevant time period.

**NUMEROSITY**

74)     The requirements of Rule 23(a)(1) are satisfied in that there are too many Class Members such that joinder of all of them would not be practicable. Upon information and belief, Defendants have collectively filed over 300 Civil Actions since 2008 in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County against Defendants not located in Shelby County, Tennessee, for which there was no jurisdictional or venue basis. Defendants have also filed these actions without possessing the required Tennessee collection service license required by the Tennessee Collection Service Board as codified by the Tennessee Collection Services Act, Tennessee Code Annotated § 62-20-105(a). In addition, it is

18

expected that additional discovery will identify numerous other potential Class Members who were forced to respond to Plaintiff's extortion and threats of inconvenient, disruptive and expensive litigation, and fear of the impact of a default judgment on their businesses, by settling with Defendants prior to the filing of the threatened improper Civil Action in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County. Thus, beyond the more than 300 known lawsuits filed in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County against potential Class Members who were not located in Shelby County, Tennessee, the actual number of entities injured by Defendants' unlawful actions is likely greater than the number of known lawsuits that have been filed in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County. Combining the known Civil Actions filed by Plaintiffs in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County, along with the anticipated additional numerous Class Members who settled in the face of Defendants' extortion and threatened improper legal action, this Class, as defined above, meets the numerosity requirement of FRCP 23(a).

## **COMMONALITY**

75)     The claims of the Class Members raise numerous common issues of fact and/or law, thereby satisfying the requirement of Rule 23(a)(2).  These common legal and factual questions, which may be determined without the necessity of resolving individualized factual questions concerning any Class member, include, but are not limited to, the following questions:

>     (1)     Whether Defendants committed extortion both verbally and in written communications by threatening and/or filing civil actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County in an effort to coerce members of the putative

Class into entering settlement agreements under the threat of and/or filing of improper Civil Actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County.

(2)     Whether Defendants committed mail fraud pursuant to 18 U.S.C.§1341 by intentionally scheming to defraud Class Members out of money through false and/or fraudulent pretenses by threatening and/or filing lawsuits in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County which had no legal basis to be brought in Shelby County, Tennessee.

(3)     Whether Defendants committed wire fraud pursuant to U.S.C. §1343 by knowingly and willingly scheming to defraud Class Members out of money through email communications threatening and/or bringing litigation in Shelby County, Tennessee without legal basis.

(4)     Whether Defendants engaged in actions for a common purpose of conducting a scheme to obtain money from Class Members with the threat of and/or actually filing improper civil actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County which affected interstate commerce.

(5)     Whether Defendants violated the Hobbs Act, 18 U.S.C. § 1951 by knowingly and willfully committed extortion by threatening and/or filing civil actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County.

(6)     Whether Defendants utilized false, deceptive and/or misleading representations by representing that they were entitled to and/or actually brought civil actions in Shelby County, Tennessee against Class Members in an attempt to collect an alleged debt in violation of 15 U.S.C. §1692(e).

(7)     Whether Defendants committed extortion by coercing Class Members into settling alleged debts by the threatened and/or filing of Civil Actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County.

(8)     Whether Defendant's extortionate actions affected interstate commerce.

(9)     Whether Defendants engaged in collections recovery in the State of Tennessee without possessing the required Tennessee collection service license provided by the Tennessee Collection Service Board as required by the Tennessee Collection Services Act, codified at Tennessee Code Annotated § 62-20-105(a).

(10)   Whether Defendants engaged in Abuse of Process in filing and prosecuting improper civil actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County.

(11)   Whether Defendants engaged in malicious prosecution by initiating with malice civil actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County.

(12)   Whether and what form of relief should be afforded to Plaintiff and the Class Members.

## **TYPICALITY**

76)   The claim of the named Plaintiff is typical of the putative Class Members because they have a common source and rest upon the same legal and remedial theories, thereby satisfying the requirements of Rule 23(a)(3). The named Plaintiff's claims are typical of the claims in the Class because Plaintiff and all potential Class Members were injured or damaged by the same illegal and wrongful practices in which Defendants were engaged, namely the threatening and/or filing of improper Civil Actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County for the recovery of alleged collection debts despite there being no jurisdictional or venue basis to bring the action in the General Sessions Court of Tennessee, all of which was known to Defendants.

77)   Plaintiff is an out-of-state corporation involved in a transaction involving multiple parties, none of which are located in Tennessee.  Plaintiff was served as a Defendant in the General Sessions action at its out of state address.  Plaintiff was threatened by Defendants with not only litigation in an improper and inconvenient forum, but Plaintiff was further threatened with increased litigation costs if any jurisdictional challenges were made.  Plaintiff was forced by this extortionate threat to expend time, money and resources, which could have instead been expenses in its interstate commerce activities, to respond to Defendants improper actions.

21

Further, Plaintiff was subjected to these actions despite Defendants not being licensed to engage in collections practices in Tennessee.  Thus, the claims asserted by Plaintiffs in this action arise from the same course of conduct by Defendants, and the relief sought is common.

## ADEQUACY OF REPRESENTATION

78)     The requirements of Rule 23(a)(4) are satisfied in that the named Plaintiff has a sufficient stake in the litigation to vigorously prosecute its claims on behalf of the Class Members and the named Plaintiff's interests are aligned with those of the proposed Class. There are no defenses of a unique nature that may be asserted against Plaintiff individually, as is distinguished from the other members of the Class, and the relief sought that is common to the Class.  Plaintiff does not have any interest that is in conflict with or is antagonistic to the interests of the members of the Class, and has no conflict with any other member of the Class. Further, Plaintiff has retained competent counsel experienced in civil litigation to represent it and the Class Members in this litigation.

## CAUSES OF ACTION

## FIRST COUNT FOR RELIEF
## MAIL FRAUD, 18 U.S.C. §1341

79)     Plaintiff, on behalf of itself and all others similarly situated, incorporates by reference each and every allegation contained in this Complaint.

80)     Defendants committed mail fraud in violation of 18 U.S.C. §1341. Specifically, Defendants engaged in a scheme to defraud and obtain money from Plaintiff and the proposed Class Members through false or fraudulent pretenses, representations, promises, extortion and threats of litigation. It was reasonably foreseeable to Defendants that the mails would be used in

furtherance of the scheme, and the mails were in fact used to further execute the scheme to defraud.

81)    For the purpose of furthering and executing the scheme to defraud, Defendants regularly caused matters and things to be placed in a post office or authorized depository, or deposited or caused to be deposited matters of things to be sent or delivered by a private or commercial interstate carrier ("the mailings").  The details of the mailings are set forth above.

82)    Defendants used the mail for the above-stated purposes to further and execute the scheme to defraud Plaintiff and the proposed Class Members.

83)    Defendants had definitive knowledge that they were threatening and/or filing lawsuits in the General Sessions Civil Courts of Shelby County, Tennessee that were improper and without legal basis.  Since forming that knowledge, every time that Defendants mailed a settlement demand letter or any other correspondence related to the alleged debt and/or threatened Civil Action in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County to a member of the proposed Class, pursued discovery from any proposed Class member, filed a General Sessions Warrant or other court pleading in Shelby County, Tennessee, Defendants furthered the false impression that their demands were legitimate and lawful.

84)    At the time the mailings were made, Plaintiff and the proposed Class Members to whom they were mailed did not know that these representations contained therein were false and fraudulent.

85)     These false representations were material to Plaintiff and the proposed Class Members' decision to either settle prior to the filing of the threatened litigation in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County, retain legal counsel in Tennessee, or be subject to a default judgment taken in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County by Defendants.

86)     Defendants made the false representations knowing them to be false and/or improper and were aware that Plaintiff and the proposed Class Members did not know with certainty whether the representations or threats of and/or filing of Civil Actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County were improper or proper.

87)     Defendants made the false, extortionate representations with the intent that Plaintiff and proposed Class Members would rely on the false, extortionate representations. Plaintiff and proposed Class Members did rely on the false, extortionate representations to their detriment. That reliance was reasonably justified, and Plaintiff and the proposed Class Members had the right to rely on the false, extortionate representations contained in the mailings.

88)     Each act of mail fraud detailed in this Complaint constitutes a predicate act of fraud under RICO because each mailing furthered and executed the scheme to defraud Plaintiff and the proposed Class Members.

89)     Defendants each participated in the scheme to defraud knowingly, willfully, and with the specific intent to defraud Plaintiff and the proposed Class Members into settling alleged debts under the threat of and/or filing of improper civil actions in the General Sessions Court for

the Thirtieth Judicial District of Tennessee at Memphis, Shelby County, despite the fact that those actions were improper and without legal basis in Shelby County, Tennessee.

90)    Defendants schemed to defraud Plaintiff and the proposed Class Members extended over a multiyear period and continues to the present.

91)    As a result of Defendants' misconduct, Defendants are liable to Plaintiff and the proposed Class Members for their damages and losses, in an amount to be determined at trial.

92)    Plaintiff and the proposed Class Members are entitled to punitive damages because Defendants' conduct was malicious, intentional, fraudulent and/or reckless.

### SECOND COUNT FOR RELIEF
### CONSPIRACY TO COMMIT MAIL FRAUD

93)    Plaintiff, on behalf of itself and all others similarly situated, incorporates by reference all allegations contained in this Complaint.

94)    Defendants each knowingly and willfully conspired and agreed to engage in the scheme to defraud described in this Complaint.

95)    Defendants committed and caused to be committed one or more overt and unlawful acts in furtherance of the conspiracy, including but not limited to the acts described in this Complaint.

96)    As a direct and proximate result of Defendants' conspiracy to commit mail fraud, Plaintiff and the members of the proposed Class suffered injuries, damages, or losses in an amount to be determined at trial.

97)     Plaintiff and the Members of the proposed Class are entitled to punitive damages because the Defendants' conduct was malicious, intentional, and/or reckless.

<u>**THIRD COUNT FOR RELIEF**</u>
<u>**WIRE FRAUD, 18 U.S.C. § 1343**</u>

98)     Plaintiff, on behalf of itself and all others similarly situated, incorporates by reference each and every allegation contained in this Complaint.

99)     Defendants committed wire fraud in violation of 18 U.S.C. § 1343. Specifically, Defendants engaged in an intentional scheme to defraud Plaintiff and the proposed Class Members and to obtain money from Plaintiff and the proposed Class Members through false or fraudulent pretenses, representations, promises, extortionate threats of and/or filing costly Civil Actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County. It was reasonably foreseeable to Defendants that the wires would be used in furtherance of the scheme, and the wires were in fact used to further and execute the scheme to defraud.

100)     For the purpose of furthering and executing the scheme to extort and defraud, Defendants regularly transmitted or caused to be transmitted by means of wire communication in interstate or foreign commerce, writings, signs, signals, pictures, and sounds (the "wirings"). The details of the wirings are set forth above.

101)     Defendants used the wires for the above stated purposes to further and execute the scheme to defraud Plaintiff and the proposed Class Members.

102)   Defendants have definitive knowledge that there is no legal basis to bring these actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County.   Defendants further had definitive knowledge that they did not have a valid Tennessee collection service license issued by the Tennessee Collection Service Board.   Since forming that knowledge, every time that Defendants wired a settlement demand letter or other correspondence related to the alleged debt to a member of the proposed Class, sent copies of General Sessions Warrants or other court documents, pursued discovery or electronically filed any motion with the court, Defendants furthered the false impression that their demands were legitimate and proper.

103)   At the time the wirings were made, Plaintiff and the proposed Class Members to whom they were wired did not know that these representations contained therein were false and fraudulent.

104)   These false representations were material to Plaintiff and the proposed Class Members' decision to settle the alleged debts, expend money and resources retaining Tennessee Counsel to defend against the improper civil actions, or be subject to entry of a default judgment in a court of law.

105)   Defendants made the false representations and threatened to file and/or filed civil actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County knowing that there was no legal basis and/or being aware that Plaintiff and the proposed Class Members did not know whether the representations were true or false.

106)   Defendants made the false representations with the intent that Plaintiff and the proposed Class would rely on the false representations and settle the alleged debts.

107)   Plaintiff and the proposed Class Members did rely on the false representations to their detriment. That reliance was reasonable and justified, and Plaintiff and the proposed Class Members had a right to rely on the false representations contained in the wirings in making their responses.

108)   Each act of wire fraud detailed in this Complaint each constitutes a predicate act of fraud under RICO because each wiring furthered and executed the scheme to defraud Plaintiff and the proposed Class Members.

109)   Defendants each participated in the scheme to defraud knowingly, willfully, and with a specific intent to defraud and intimidate Plaintiff and the proposed Class Members into entering settlement agreements under the threat of fraudulent claims for statutory damages and the threat to take legal action when none was intended to be taken.

110)   Defendants' scheme to defraud Plaintiff and the Class Members extended over a multiple year period and continues to the present.

111)   As a result of their misconduct and Plaintiff and the proposed Class members' reliance on  that misconduct, Defendants are liable to the putative Class Members for their damages, expenses and losses, in an amount to be determined at trial.

112)   Plaintiff and the proposed Class Members are entitled to punitive damages because the Defendants' conduct was malicious, intentional, fraudulent and/or reckless.

28

**FOURTH COUNT FOR RELIEF**
**CONSPIRACY TO COMMIT WIRE FRAUD**

113)    Plaintiff, on behalf of itself and all others similarly situated, incorporates by reference all allegations contained in this Complaint.

114)    Defendants each knowingly and willfully conspired and agreed to engage in the scheme to defraud described in this Complaint.

115)    Defendants committed and caused to be committed one or more overt and unlawful acts in furtherance of the conspiracy, including but not limited to the acts described in this Complaint.

116)    As a direct and proximate result of Defendants' conspiracy to commit wire fraud, Plaintiff and the members of the proposed Class suffered injuries, damages, or losses in an amount to be determined at trial.

117)    Plaintiff and the Members of the proposed Class are entitled to punitive damages because Defendants' conduct was malicious, intentional, fraudulent and reckless.

**FIFTH COUNT FOR RELIEF**
**CONSPIRACY TO COMMIT FRAUD**

118)    Plaintiff, on behalf of itself and all others similarly situated, incorporates by reference all allegations contained in this Complaint.

119)    Defendants each knowingly and willfully conspired and agreed to engage in the scheme to defraud described in this Complaint.

120)    Defendants committed and caused to be committed one or more overt and unlawful acts in furtherance of the conspiracy, including but not limited to the acts described in this Complaint.

121)    As a direct and proximate result of Defendants' conspiracy to commit fraud, Plaintiff and the members of the proposed Class suffered injuries, damages, or losses in an amount to be determined at trial.

122)    Plaintiff and the members of the proposed Class are entitled to punitive damages because Defendants' conduct was malicious, intentional, fraudulent and reckless.

## SIXTH COUNT FOR RELIEF
## AIDING AND ABETTING FRAUD

123)    Plaintiff, on behalf of himself and all others similarly situated, incorporates by reference all allegations contained in this Complaint.

124)    Defendants knew about the schemes used to defraud Plaintiff and the proposed Class Members that are described in this Complaint.

125)    Each Defendant actively participated in the schemes to defraud by knowingly providing encouragement and substantial assistance in perpetration of the fraud, as described in this Complaint.

126)    As a direct and proximate result of Defendants' encouragement and substantial assistance in perpetration of the fraud, Plaintiff and the members of the proposed Class suffered injuries, damages, or losses in an amount to be determined at trial.

30

127)    Plaintiff and the Proposed Class Members are entitled to punitive damages because Defendants conduct was malicious, intentional, fraudulent and reckless.

**SEVENTH COUNT FOR RELIEF**
**VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT ("RICO"), 18 U.S.C. § 1962(c)**

128)    Plaintiff, on behalf of himself and all others similarly situated, incorporates by reference all allegations contained in this Complaint.

129)    Plaintiff and each proposed Class member is a "person" under 18 U.S.C. §§ 1961(3) and 1964(c).

130)    Each Defendant is a "person" under 18 U.S.C. §§ 1961(3) and 1962(c).

131)    Defendants are a group of persons associated in fact for the common purposes of conducting the scheme described in this Complaint: namely, inducing Plaintiff and the proposed Class Members to settle alleged collection debts under the threat of and/or filing of improper Civil Actions in Shelby County, Tennessee when these Civil Actions were known to be improperly brought and without legal basis in Shelby County, Tennessee.

132)    Defendants were each employed by and/or associated with the Enterprise as detailed in this Complaint.

133)    Defendants each conducted and/or participated in the conduct of the Enterprise's affairs, as described in this Complaint, through a pattern of racketeering activity, as that phrase is defined in 18 U.S.C. §§ 1961(1) and (5).

134)    The  pattern  of  racketeering  activity  consisted  of  extortion,  fraud,  mail  and/or wire  fraud  in violation of 18 U.S.C. §§ 1341, 1343 and 1951. Specifically, Defendants engaged in  a  scheme  to  intimidate,  extort  and  defraud  Plaintiff  and  the  proposed  Class  Members  in order  to  obtain  money  from  Plaintiff  and  the  proposed  Class  Members  through  false  and fraudulent pretenses, representations, extortionate  threats,  promises,  and threatened costly legal actions. It was reasonably foreseeable to each Defendant that the mails and/or wires would be used  in  furtherance  of  the  scheme,  and  the  mails  and/or  wires  were  in  fact  used  to  further  and execute the scheme.

135)    For     the     purpose     of     furthering  and     executing  the     scheme  to     extort  and defraud,  Defendants  regularly  transmitted  or  caused  to  be  transmitted  by  means  of  wire communication in interstate or foreign commerce, writings, signs, signals, pictures, and sounds (the  "wirings"),  and  also  regularly  caused  matters  and  things  to  be  placed  in  any  post  office  or authorized  depository,  or  deposited  or  caused  to  be  deposited  matters  or  things   to  be  sent  or delivered  by  a  private  or  commercial  interstate  carrier  (the  "mailings").  The  details  of  the wirings and mailings are set forth above.

136)    Defendants used the wires and/or mail on multiple occasions for the above stated purposes to further and execute the scheme to extort and defraud Plaintiff and the proposed Class Members.

137)    For example, every time that Defendants mailed or wired settlement demands, letters or other correspondence, General Sessions warrants or other court documents filed in the General  Sessions  Court  for  the  Thirtieth  Judicial  District  of  Tennessee  at  Memphis,  Shelby County,  Affidavits  on  Sworn  Accounts,  discovery  requests,  motions  or  responses  to  motions

with the court, or other documents to Plaintiff and members of the proposed Class related to the threat of and/or filing of a Civil Action in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County, Defendants furthered the false impression that the Enterprise's demands and threats of and/or filing of Civil Actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County were proper and with legal basis.

138)   The extortionate tactics, mail fraud, and wire fraud detailed in this Complaint each constitute a predicate act under RICO of (1) extortion, because each communication was a threat intended to obtain Plaintiff and the proposed Class Members' money premised upon the threat of and/or filing of costly legal action in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County that was improper and unsupported under Tennessee law; and (2) fraud, because each mailing, phone call, and email correspondence furthered and executed the scheme to defraud Plaintiff and the proposed Class Members.

139)   Defendants participated in the scheme to extort and defraud knowingly, willfully, and with a specific intent to defraud Plaintiff and the proposed Class Members into entering into settlement agreements under the threat of and/or filing of improper civil actions in the General Sessions Court of  Shelby County, Tennessee.

140)   The predicate acts of extortion, mail fraud and wire fraud constitute a pattern  of racketeering activity as defined in 18 U.S.C. § 1961(5). The predicate acts were not isolated events but related acts aimed at the common purpose and goal of deceptively intimidating Plaintiff and the proposed Class Members to settle alleged debts. Defendants were

33

the common participants in the predicate acts; Plaintiff and the proposed Class Members were the common victims.

141)   Defendants' scheme to defraud Plaintiff and the proposed Class Members has extended over a multi-year period and continues to the present. The predicate acts were the Enterprise's manner of conducting its business and they pose the threat of continuing racketeering activity if left unchecked.

142)   As a direct and proximate result of Defendants' violation of 18 U.S.C. § 1962(c), Plaintiff and the proposed Class Members have been injured in their business or property within the meaning of 18 U.S.C. § 1964(c).

143)   As a result of their misconduct, Defendants are liable to Plaintiff and the proposed Class Members for their damages and losses, in an amount to be determined at trial.

144)   In addition, pursuant to 18 U.S.C. § 1964(c), Plaintiff and the proposed Class Members are entitled to recover threefold their damages, plus costs of the suit and attorney's fees from Defendants.

## EIGHTH COUNT FOR RELIEF
## CONSPIRACY TO VIOLATE RICO UNDER 18 U.S.C. § 1962(d)

145)   Plaintiff, on behalf of himself and all others similarly situated, incorporates by reference all allegations contained in this Complaint.

146)   Defendants conspired to violate 18 U.S.C. § 1962(c) by agreeing to conduct, and participate, directly or indirectly, in the conduct of, the affairs of the scheme through a pattern of racketeering activity. This agreement was in violation of 18 U.S.C. § 1962(d).

147)     Defendants committed and caused to be committed a series of overt predicate acts of racketeering in furtherance of the conspiracy, including but not limited to the acts described in this Complaint.

148)     As a direct and proximate result of the overt predicate acts of racketeering and of the Defendants' violation of 18 U.S.C. § 1962(d), Plaintiff and the proposed Class Members have been injured in their business or property within the meaning of 18 U.S.C. § 1964(c).

139)     As a result of their conspiracy in violation of 18 U.S.C. § 1962(d), Defendants are liable to Plaintiff and the proposed Class Members for their damages, injuries and losses, in an amount to be determined at trial.

150)     In addition, pursuant to 18 U.S.C. § 1964(c), Plaintiff and the proposed Class Members are entitled to recover threefold their damages, plus costs and attorney's fees from Defendants.

### NINTH COUNT FOR RELIEF
### EXTORTION UNDER THE HOBBS' ACT, 18 U.S.C. §1951

151)     Plaintiff on behalf of itself and all others similarly situated, incorporates by reference each and every allegation contained in this Complaint.

152)     Defendants extorted and/or attempted to extort money from Plaintiff and each and each other Member of the proposed Class.

153)     Defendants committed mail fraud in violation of 18 U.S.C. §1341 and wire fraud in violation of 18 U.S.C. §1343.   Specifically, Defendants verbally and by written

communication, knowingly and willfully attempted to coerce Plaintiff and the members of the proposed Class into settling alleged debts by threatening and/or bringing Civil Actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County which had no legal basis to be filed in Shelby County, Tennessee, nor were Defendants licensed to bring said actions in Tennessee.

154)     Defendants' extortionate threats of and/or filing of Civil Actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County against Plaintiff and the putative Class Members delayed, interrupted and/or adversely affected interstate commerce by causing Plaintiff and the Class Members to expend time, resources and money responding to Defendants' actions, threats and extortion, and adversely affected Plaintiff and the Class Members' ability to conduct interstate commerce due to the expenditure of funds and resources or the improper judgments and debts taken in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County.  Further, Defendants have taken approximately 90 default judgments against prospective Class Members as a result of improperly filed Civil Actions brought in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County, adversely affecting those Class Members' ability to engage in interstate commerce based upon the impact of the default judgment on their credit score and history.

155)     Plaintiff and the Members of the proposed Class did rely on Defendants' threats and/or filing of Civil Actions in Shelby County, Tennessee, which were material to their decision to settle, to retain counsel to defend against these improper civil actions, or to allow themselves to be subject to entry of a default judgment in a court of law.

36

156) As a direct and proximate result of Defendants' threats, Plaintiff and the proposed Class Members' reliance on those threats, Plaintiff and the proposed Class Members suffered injuries, damages, or losses in an amount to be determined at trial.

157) Plaintiff and the Members of the proposed Class are entitled to punitive damages because Defendants' conduct was malicious, intentional, fraudulent and/or reckless.

## TENTH COUNT FOR RELIEF
## EXTORTION

158) Plaintiff incorporates by reference each and every allegation contained in this Complaint.

159) Defendants extorted and/or attempted to extort money from Plaintiff and the proposed Class Members

160) Defendants, verbally and by written communication, improperly attempted to coerce Plaintiff and proposed Class Members into settling alleged collection debts under the threat of and/or filing of an improper Civil Action in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County that had no legal basis to be filed in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County, nor were Defendants licensed to bring those collection actions in Tennessee.

161) Defendants made the threats with the intent that Plaintiff and proposed Class Members would rely on them.

37

162)    As a direct and proximate result of Defendants' threats of and filing of Civil Actions in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County, Plaintiff and proposed Class Members suffered injuries, damages or losses in an amount to be determined at trial.

163)    Plaintiff and proposed Class Members are entitled to punitive damages because the Defendants' conduct was malicious, intentional, fraudulent and/or reckless.

### ELEVENTH COUNT FOR RELIEF
### CONSPIRACY TO COMMIT EXTORTION

164)    Plaintiff incorporates by reference all allegations contained in this Complaint.

165)    Defendants each knowingly and willfully conspired and agreed to engage in the scheme to extort described in this Complaint.

166)    Defendants committed and caused to be committed one or more overt and unlawful acts in furtherance of the conspiracy, including but not limited to the acts described in this Complaint.

167)    As a direct and proximate result of Defendants' conspiracy to commit extortion, Plaintiff and members of the proposed Class suffered injuries, damages, or losses in an amount to be determined at trial.

168)    Plaintiff and members of the proposed Class are entitled to punitive damages because Defendants' conduct was malicious, intentional, fraudulent and/or reckless.

## TWELFTH COUNT FOR RELIEF
## MALICIOUS PROSECUTION

169)    Plaintiff incorporates by reference all allegations contained in this Complaint

170)    Defendants brought suit against Plaintiff in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County without proper jurisdictional or legal basis to bring suit in Shelby County, Tennessee.

171)    Defendants brought suit against Plaintiff in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County with malice in an attempt to extort money from Plaintiff by threatening the filing of an improper civil action in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County and then purposely attempting to engage in written discovery to escalate Plaintiff's expenses and costs.

172)    Defendants' cause of action against Plaintiff was terminated in Plaintiff's favor on April 5, 2012.

173)    As a direct and proximate result of Defendants' malicious prosecution, Plaintiff suffered injuries, damages for losses in an amount to be determined at trial.

174)    Plaintiff is entitled to punitive damages because Defendants' conduct was malicious, intentional, fraudulent and reckless.

## THIRTEENTH COUNT FOR RELIEF
## ABUSE OF PROCESS

175)    Plaintiff incorporates by reference all allegations contained in this Complaint.

39

176)     Defendants filed and had served the Civil Warrant in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County against Plaintiff with the ulterior motive of extorting and/or coercing Plaintiff to settle an alleged debt instead of defending itself in litigation in an inconvenient, distant location.

177)     Defendants filed and had served a Civil Warrant in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County that Defendants knew was not proper in the regular prosecution of an action for collection of an alleged debt because the civil action was filed in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County and was done without any jurisdictional basis and with knowledge that the Court was an improper venue for the civil action.

178)     Defendants filed and had served a civil warrant in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County for collection of a debt despite Defendant's knowledge that neither Defendant was licensed by the Tennessee Collection Service Board as required by T.C.A. §62-20-105(a).

179)     Defendants filed and had written discovery sent to Plaintiff in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County with the ulterior motive of extorting and/or coercing Plaintiff to settle an alleged debt instead of defending itself in litigation in an inconvenient, distant location.

180)     Defendants filed and had served written discovery to Plaintiff in the civil action in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County that Defendants knew was not proper in the regular prosecution of an action for

40

collection of an alleged debt because the civil action was filed in the General Sessions Court for the Thirtieth Judicial District of Tennessee at Memphis, Shelby County and was done without any jurisdictional basis and with knowledge that the Court was an improper venue for the civil action.

181)    As a direct and proximate result of Defendants' abuse of process, Plaintiff suffered injuries, damages for losses in an amount to be determined at trial.

182)    Plaintiff is entitled to punitive damages because Defendants' conduct was malicious, intentional, fraudulent and reckless.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff seeks the following remedies:

1)    For an Order certifying the Class and any appropriate sub-Classes thereof under the appropriate provisions of Federal Rule of Civil Procedure 23, and appointing Plaintiff and its counsel to represent the Class;

2)    Damages in an amount to be proven at trial, including but not limited to compensatory and consequential damages;

3)    Treble damages under RICO, 18 U.S.C. §§ 1961 et seq.

4)    Punitive damages on any and all causes of action permitting such damages;

5)    Actual or statutory damages at the election of the proposed Class Members;

6)      Restitution of all money that Defendants obtained from members of the Plaintiff Class in settlements based on fraudulent statements and extortionate threats;

7)      Reimbursement of all money that members of the Plaintiff Class spent on  legal representation, court costs and other expenses that would have been avoided if not for  Defendants' false, fraudulent, deceptive, misleading, and/or negligent statements, representations, actions and/or omissions;

8)      The imposition of a constructive trust on all monies provided by the proposed  Class Members to Defendants and all assets acquired with such funds;

9)      Equitable accounting, including accounting to proposed Class Members for any and all gains, profits, and advantages derived by Defendants from the scheme, and any and all proposed Class Members' litigation expenses, including reasonable attorney fees and the costs of this action;

10)    An  attachment  against  the  Defendants'  property,  attorney  fees,  and  costs  as provided by law;

11)    Injunctive relief preventing sale or disposition of Defendants' assets acquired through the scheme;

12)    Injunctive relief to stop the scheme;

13)    Injunctive relief to reveal the identities of all known proposed Class Members;

14)     Attorney fees and costs incurred by members of the proposed Class in settling  and/or otherwise responding to claims brought by Defendants in the General Sessions Courts of Shelby County, Tennessee;

15)     Dismissal of all pending Civil Actions improperly filed in the General Sessions Court of the Thirtieth Judicial District of Tennessee at Memphis, Shelby County against members of the proposed Class;

16)     Attorney fees and costs incurred by the proposed Class in prosecuting this action;

17)     Pre-judgment and post-judgment interest as provided by law;  and

18)     Additional and/or alternative relief as the Court may deem to be just, equitable  and appropriate.

Respectfully submitted,

**McNABB, BRAGORGOS & BURGESS, PLLC**


/S/ LELAND M. McNABB #7551
/S/ R. SCOTT MCCULLOUGH #19499
Attorneys for First Preference Products Corp.
81 Monroe, Sixth Floor
Memphis, Tennessee 38103
Telephone: (901) 624-0640
Fax: (901) 624-0650
smccullough@mbb-law.com